**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――――

**No. 04-1100**

―――――――――――――

THOMASINA SINGLETON,

                                   Plaintiff - Appellant,

        versus

TELETECH FACILITIES; CHRISTINA HOLLIDAY; BETTY
SHULL; KIM TISDALE; DARREN CARSON,

                                   Defendants - Appellees,

        and

PAUL LANDERS,

                                   Defendant.

―――――――――――――

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(CA-00-3381)

―――――――――――――

Submitted:  July 16, 2004          Decided:  August 5, 2004

―――――――――――――

Before LUTTIG and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――――――

Dismissed by unpublished per curiam opinion.

―――――――――――――

Thomasina Singleton, Appellant Pro Se. Stephen Floyd Fisher, George Andrew Harper, JACKSON LEWIS, LLP, Greenville, South Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The district court accepted the report and recommendation of the magistrate judge, granted summary judgment, and dismissed Thomasina Singleton's employment discrimination action. Singleton filed a pleading responding to the district court's order, arguing the merits of her complaint, and contending she did not receive the appropriate notice of her right to file objections to the magistrate judge's report. The district court docketed this pleading as a notice of appeal. We dismiss the appeal for lack of jurisdiction because Singleton's pleading failed to comply with Fed. R. App. P. 3, and as a consequence failed to invoke the jurisdiction of this court.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A). A proper notice of appeal must specify the parties to the case, the order appealed from, and the court to which the appeal is taken. Fed. R. App. P. 3(c). Singleton's post-judgment pleading filed in the district court fails to comply with this rule. It fails to mention a court of appeals and lacks any reference to an intent to appeal. To the contrary, the document evinces a desire for continued litigation before the district court and the magistrate judge.

Because Singleton failed to invoke the jurisdiction of this court, we dismiss the appeal.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

*We also note that to the extent that Singleton's application to proceed in forma pauperis or her informal brief could be construed as a notice of appeal, both were untimely. See Fed. R. App. P. 4(a)(1)(A).